UNITED STATES, Appellee

v.

GILBERT B. HORST, Private First Class, U. S. Army, Appellant

1 USCMA 452, 4 CMR 44

No. 822

Decided July 9, 1952

LT. COL. Stewart H. Legendre, USA, and 1ST. LT. Patrick H. Thiessen, USA, for Appellant.

LT. COL. Paul J. Leahy, USA, for Appellee.

## Opinion of the Court

PER CURIAM:

Appellant was tried by general court-martial upon two charges alleging violations of Articles 90 and 99 of the Uniform Code of Military Justice, 50 U.S.C. §§ 684, 693. The specifications alleged willful disobedience of a lawful command and cowardly conduct in the presence of the enemy. As to the disobedience charge, the court returned findings of guilty of failure to obey; as to the charge of cowardly conduct in the presence of the enemy, the court returned findings of guilty as charged. The accused was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for three years. Army reviewing authorities have approved the findings and sentence and accused has petitioned for grant of review.

It appears from the record that the accused was a litter bearer in a forward medical unit in Korea. He complained of sickness and an inability to continue his duties; whereupon an assistant battalion surgeon ordered the accused "back on the hill." To this command the accused replied: "I just can't make it, I won't go." It was this order that accused was found guilty of failure to obey.

Our concern on this appeal is the lack of evidence to establish the vital element of the cowardly conduct charge—that of cowardice. We find the record to be barren of testimony from which the fact-finders could conclude that accused was guilty of cowardly conduct. The rules of sufficiency of evidence as laid down by this Court in United States v. O'Neal (No 25), 1 USCMA 138, 2 CMR 44 decided February 7, 1952, require a reversal in the instant case.

There remain against the accused the findings of guilty of failure to obey a lawful command which are amply supported. The Table of Maximum Punishments, Manual for Courts-Martial, United States, 1951, p. 221, provides as maximum punishment for this offense a bad-conduct discharge, total forfeitures and confinement at hard labor for six months. The sentence now outstanding against the accused is in excess of that legally imposable.

Accordingly the petition is granted; the finding of guilty of failure to obey a lawful command is affirmed; the finding of guilty of cowardly conduct is set aside and the charge is dismissed; and the record is returned to The Judge Advocate General of the Army for reference to the board of review for such corrective action as may be necessary.

Judge LATIMER did not participate in the decision in this case.